IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Emily M. Harlin, | ) | Civil Action No. 3:13-cv-2719-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ANSWER |
| | ) | |
| Wells Fargo Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Wells Fargo Bank, N.A., reserving all rights and defenses and waiving none of them, hereby answers Plaintiff's Complaint as follows. By filing this Answer, Defendant does not waive, but instead specifically reserves, its ability to move for dismissal of some or all of the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**FOR A FIRST DEFENSE**
**(General Denial)**

1. Defendant admits the allegations of Paragraph 1, but it further states that it is not a "citizen" of South Carolina as that term is defined by 28 U.S.C. § 1332.

2. Defendant lacks information sufficient to form a belief as to the truthfulness or falsity of the allegations of Paragraphs 2, 3, 4, and 5 and, therefore, denies the same and demands strict proof thereof.

3. Defendant denies the allegations of Paragraphs 6, 7, 8, 9, 10, 11, and 12 and demands strict proof thereof.

4. Responding to the allegations of Paragraph 13, Defendant craves reference to the documents referred to therein. To the extent the allegations of this paragraph are inconsistent with these documents, Defendant denies the same and demands strict proof thereof.

2

5. Defendant denies the allegations of Paragraphs 14, 15, 16, and 17 and demands strict proof thereof.

6. Responding to the allegations of Paragraphs 18, 19, 20, 21, and 22, Defendant craves reference to the document referred to therein. To the extent the allegations of these paragraphs are inconsistent with this document, Defendant denies the same and demands strict proof thereof.

7. Responding to the allegations of Paragraph 23, Defendant craves reference to the document referred to therein. To the extent the allegations of this paragraph are inconsistent with this document, Defendant denies the same and demands strict proof thereof.

8. Defendant denies the allegations of Paragraphs 24, 25, 26, 27, 28, 29, 30, and 31 and demands strict proof thereof.

9. Defendant lacks information sufficient to form a belief as to the truthfulness or falsity of the allegations of Paragraph 32 and, therefore, denies the same and demands strict proof thereof.

10. Defendant denies the allegations of Paragraphs 33, 34, 35, and 36 and demands strict proof thereof.

11. Responding to the allegations of Paragraph 37, Defendant adopts and incorporates the preceding paragraphs of this Answer.

12. Defendant admits the allegations of Paragraph 38.

13. Defendant denies the allegations of Paragraph 39 and demands strict proof thereof.

14. Responding to the allegations of Paragraph 40, Defendant craves reference to the document referred to therein. To the extent the allegations of this paragraph are inconsistent with this document, Defendant denies the same and demands strict proof thereof.

15. Defendant denies the allegations of Paragraphs 41 and 42 and demands strict proof thereof.

16. Responding to the allegations of Paragraph 43, Defendant adopts and incorporates the preceding paragraphs of this Answer.

17. Defendant admits the allegations of Paragraph 44.

18. Defendant denies the allegations of Paragraphs 45, 46, 47, 48, and 49 and demands strict proof thereof.

19. Responding to the allegations of Paragraph 50, Defendant adopts and incorporates the preceding paragraphs of this Answer.

20. Defendant denies the allegations of Paragraphs 51, 52, and 53 and demands strict proof thereof.

21. Responding to the allegations of Paragraph 54, Defendant adopts and incorporates the preceding paragraphs of this Answer.

22. Defendant denies the allegations of Paragraphs 55, 56, 57, 58, 59, and 60 and demands strict proof thereof.

23. Responding to the allegations of Paragraph 61, Defendant adopts and incorporates the preceding paragraphs of this Answer.

24. Defendant denies the allegations of Paragraphs 62 and 63 and demands strict proof thereof.

25. The allegations of Paragraphs 64, 65, and 66 state only legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

26. Defendant denies the allegations of Paragraphs 67, 68, 69, and 70 and demands strict proof thereof.

27. Responding to the allegations of Paragraph 71, Defendant adopts and incorporates the preceding paragraphs of this Answer.

28. The allegations of Paragraph 72 state only legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

29. Defendant denies the allegations of Paragraphs 73, 74, and 75 and demand strict proof thereof.

30. Responding to the allegations of Paragraphs 76 and 77, Defendant craves reference to the documents referred to therein. To the extent the allegations of these paragraphs are inconsistent with these documents, Defendant denies the same and demands strict proof thereof. Defendant further denies any wrongdoing in the litigation referenced in these paragraphs.

31. Defendant denies the allegations of Paragraph 78 and demands strict proof thereof.

32. Responding to the allegations of Paragraphs 79, 80, and 81, Defendant craves reference to the documents referred to therein. To the extent the allegations of these paragraphs are inconsistent with these documents, Defendant denies the same and demands strict proof

thereof. Defendant further denies any wrongdoing in the litigation referenced in these paragraphs.

33. Defendant denies the allegations of Paragraphs 82, 83, and 84 and demands strict proof thereof.

34. Responding to the allegations of the unnumbered paragraph immediately preceding Paragraph 85, Defendant adopts and incorporates the preceding paragraphs of this Answer.

35. The allegations of Paragraphs 85, 86, and 87 state only legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

36. Defendant denies the allegations of Paragraphs 88, 89, 90, and 91 and demand strict proof thereof.

37. The allegations of Paragraph 92 state only legal conclusions to which no response is required. To the extent a response is required, Defendant denies the same and demands strict proof thereof.

38. Defendant denies the allegations of Paragraphs 93 and 94 and demands strict proof thereof.

39. Defendant denies the allegations of the paragraph beginning with the word "Wherefore," including all subparts, and demands strict proof thereof.

**FOR A SECOND DEFENSE**
**(Failure to State a Claim)**

40. Defendant would show that Plaintiff's claims fail to state a claim upon which relief can be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A THIRD DEFENSE
### (Immunity)

41. Defendant would show that to the extent Plaintiff's claims are based on the filing of a lawsuit adverse to Plaintiff, but such pleadings are immune from suit.

### FOR A FOURTH DEFENSE
### (Compliance with Law and Contract)

42. Defendant would show that at all times it has fully performed its contractual and statutory obligations.

### FOR A FIFTH DEFENSE
### (Res Judicata and Collateral Estoppel)

43. Defendant would show that the issues presented in this litigation have previously been resolved in other litigation and, therefore, Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

### FOR A SIXTH DEFENSE
### (Unclean Hands)

44. Defendant would show that Plaintiff's claims are barred by the doctrine of unclean hands.

### FOR A SEVENTH DEFENSE
### (Waiver and Release)

45. Defendant would show that Plaintiff's claims are barred by the doctrines of waiver, release, and accord and satisfaction.

### FOR AN EIGHTH DEFENSE
### (Failure to Mitigate Damages)

46. Defendant would show that Plaintiff has failed to mitigate her alleged damages and, therefore, is barred from recovery.

## FOR A NINTH DEFENSE
### (Economic Loss Rule)

47.     Defendant would show that one or more of Plaintiff's claims are barred by the economic loss rule.

## FOR A TENTH DEFENSE
### (Regulated Industry)

48.     Defendant would show that Plaintiff's claim arising under the South Carolina Unfair Trade Practices Act should be dismissed because Defendant operates within a regulated industry and is, therefore, exempt from the Act.

## FOR A ELEVENTH DEFENSE
### (Failure to Exhaust Administrative Remedies)

49.     Defendant would show that one or more of Plaintiff's claims are barred for failing to exhaust statutorily-required administrative remedies.

## FOR A TWELFTH DEFENSE
### (Bona Fide Error)

50.     Defendant would show that one or more of Plaintiff's claims should be dismissed because any alleged violation of law was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error.

## FOR A THIRTEENTH DEFENSE
### (Mootness)

51.     Defendant would show that Plaintiff has already received the relief sought for one or more of her claims and, therefore, they are moot.

## FOR A FOURTEENTH DEFENSE
### (Statute of Limitations)

52.     Defendant would show that one or more of Plaintiff's claims are barred by the applicable statutes of limitations.

## FOR A FIFTEENTH DEFENSE
### (Failure to Plead with Particularity)

53. Defendant would show that Plaintiff's claims alleging fraud should be dismissed for failing to plead the alleged fraud with particularity.

## FOR A SIXTEENTH DEFENSE
### (Laches)

54. Defendant would show that Plaintiff's claims are barred by to the doctrine of laches.

## FOR A SEVENTEENTH DEFENSE
### (Good Faith and Reasonable Conduct)

55. Defendant would show that at all times it has acted reasonably and in good faith and, therefore, Plaintiff's claims are barred.

WHEREFORE, having fully answered the Complaint, Defendant prays that the Complaint be dismissed with prejudice, that it be awarded all costs and expenses that arise in defending this action, including reasonable attorneys' fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

WOMBLE CARLYLE SANDRIDGE & RICE, LLP

By: /s/ M. Todd Carroll
    Federal Bar No. 9742
    Kevin A. Hall
    Federal Bar No. 5375
    1727 Hampton Street
    Columbia, SC  29201
    (803) 454-6504

Attorneys for Defendant Wells Fargo Bank, N.A.

Columbia, South Carolina
October 11, 2013